Julius Helpand, J.
Defendant in this two-pronged application seeks first an inspection of the Grand Jury minutes or, in the alternative, a dismissal of the indictment.
This branch of the motion is denied. The court has read the minutes and finds that sufficient legal evidence was adduced before the Grand Jury to warrant the finding of the indictment.
The second prong of the motion is also directed at the indictment. Defendant moves to dismiss it on the ground that he has been denied his right to a speedy trial.
*397 It appears from the affidavits submitted on the motion that defendant was first arrested on March 4, 1966; that shortly thereafter the complaint was dismissed in the lower court; that on August 1, 1969 the indictment herein was handed up, and on October 10, 1969 defendant was arraigned thereon, entering a plea of not guilty. His claim of a denial of a speedy trial is predicated on the delay of over three years between the date of his original arrest and discharge in the lower.court and his subsequent indictment in this court.
The right to a speedy trial in New York is established by statute (Civil Rights Law, § 12; Code Crim. Pro., § 8, subd. 1).
Section 668 of the Code of Criminal Procedure provides that “ If a defendant, indicted for a crime whose trial has not been postponed upon his application, be not brought to trial at the next term of the court in which the indictment is triable, after it is found the court may, on application of the defendant, order the indictment to be dismissed, unless good cause to the contrary be shown. ’ ’ This is the procedural remedy for a post-indictment delay.
Section 667 of the code establishes a comparable procedure for dismissing prosecutions for preindictment delays.
In People v. Saccenti (14 N Y 2d 1 [1964]) it was held that a delay, after a prosecution is initiated but prior to indictment, is nullified by a return of the indictment; and no section 667 of the Code of Criminal Procedure motion may be entertained thereafter.
In the present case defendant claims only a preindictment delay and, under the rule in Saccenti (supra) his motion would appear to be groundless. However, in People v. Winfrey (20 N Y 2d 138, 141 [1967]), the court said that “ The continued vitality of this [Saccenti] rule * * * may be questioned in the light of ” the recent decision (1967) by the United States Supreme Court in Klopfer v. North Carolina (386 U. S. 213) that the Sixth Amendment guarantee of a speedy trial is applicable to the States. The court also took note of Nickens v. United States (323 F. 2d 808, cert. den. 379 U. S. 905) wherein it was indicated that a delay prior to indictment, though not a denial of a speedy trial, may be a deprivation of due process of the law.
In the Winfrey case (supra) there had been a four and one-half year delay between the initiation of criminal proceedings against the defendant and his indictment. The court made a factual finding that this delay was unjustified and unreasonable; that the People failed to show good cause therefor; that consequently the delay deprived defendant of due process of law. *398 The court granted his motion to dismiss the indictment upon that ground, stating, in part, that (pp. 143-144):
“Prior to the Klopfer decision (supra) it was established that a State denies a defendant due process of law if it unreasonably delays his prosecution, after the initiation of criminal proceedings [citing cases]. It may be that this doctrine has now been incorporated in the ‘ speedy trial ’ guarantee of the Sixth Amendment pursuant to the Klopfer rule; but it is only of limited analytical importance whether the right is one of a ‘ speedy trial ’ or of ‘ due process of law ’.
“ This analysis, based as it is on constitutional concepts of due process, overrides the narrower procedural aspects of sections 667 and 668 of the Code of Criminal Procedure. Section 667 mandates speedy indictment, after 1 a person has been held to answer for a crime ’ but under the rule in the Saccenti case (supra) delay is cured by the return of an indictment prior to determination of the motion. Section 668 mandates a speedy trial after indictment. Neither section, therefore, is applicable to the problem involved in this case. Instead, the failure here is to prosecute by whatever further proceedings are indicated after the initiation of criminal proceedings.
‘ ‘ Merely mechanical distinctions are not involved. There is no proper criminological purpose served in holding several prosecutions over a defendant’s head. * * * To- be sure, the People have the untrammeled power to institute a prosecution any time within the limitations period — at least five years in the case of this felony- — -but once having instituted the prosecution by detainer warrant, indictment or other initiatory process, they have the obligation of advancing it unless there is a reasonable ground for delay.” (Emphasis supplied.)
As I read Winfrey, an indictment does not now of itself bar relief under section 667 of the Code of Criminal Procedure for a preindictment delay. Contrary to the holding in Saccenti (supra) the rule now would appear to be that, whether the motion is brought pursuant to section 667 or section 668 of the Code of Criminal Procedure, the overriding consideration is due process. In other words, it is not enough now to say to a defendant complaining of a preindictment delay, however long and/or unjustifiable, that his subsequent indictment renders the delay a nullity.
In the present case, the delay of over three years between the initiation of the prosecution and the indictment constituted, in the court’s view, a denial, prima facie,, of due process. How *399 ever, as expressly provided in sections 667 and 668 of the Code of Criminal Procedure, relief thereunder should be denied if “ good cause ” is shown for the delay. “ Relevant circumstances to be considered may include * * * prejudice to the defendant, including whether he was in custody or released on bail; ” and ‘‘ temporary absence or unavailability of witnesses ” (People v. Abbatiello, 30 A D 2d 11, 15). Here, defendant does not claim prejudice by reason of the delay; and the District Attorney states in his affidavit that the complaining witness ’ address was unknown; that he could not be located for two years and, when finally located, he was 11 hesitant to testify before the Grand Jury for fear of ‘ mob ’ reprisal.” The court deems this a sufficient showing of “ good cause ” for the preindictment delay, and this branch of the motion is also denied.